106

XANDERS, Plaintiff-Appellee, v. BOBST, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4837.   Decided September 25, 1953.

A. Millard Armstrong, Columbus, for plaintiff-appellee.
Arthur L. Spielmann, Columbus, for defendant-appellant.

**OPINION**

By THE COURT.

This is an appeal on questions of law from a judgment of the Municipal Court of Columbus, rendered in favor of the plaintiff.

Plaintiff in her petition alleged that, at defendant's request, she loaned the defendant $375.00 in July, 1949, and at his request made eight monthly payments on a motorcycle, said payments aggregating $593.92; that defendant agreed to repay said loans, but failed so to do. The trial court entered judgment for the amount prayed for.

Defendant-appellant claims the trial court erred in overruling the motion for new trial; that the judgment is against the manifest weight of the evidence, is not sustained by the evidence, and is contrary to law.

There is a direct conflict in the evidence on the question of the loans. The trial court resolved this issue in favor of the plaintiff, which was within the province of the trial court. We cannot say that the conclusion of the trial court that plaintiff loaned to the defendant $968.92 is against the manifest weight of the evidence. There was some corroborating evidence supporting plaintiff's claim.

The trial court found that the loan of $375.00 was to be repaid to the plaintiff. We are not disposed to disturb the finding. However, a question is presented as to whether defendant agreed to repay the full amount paid by the plaintiff on the motorcycle. On this issue the testimony of the plaintiff in chief is as follows:

"Q77. Did you and he discuss what was to be done about the money that you were paying on the motorcycle?

"A. Well, we made an agreement when I said that I would help pay part on the motorcycle, that when he sold it we would go ahead

and split—I mean he wouldn't pay back the full amount, but we would split the amount of money that was gotten after it was sold."

On cross examination she repeated the same statement. She further testified that when the motorcycle was sold she asked the defendant for the money and he said he would use the money to pay his wife's hospital bills. There is no evidence which would justify a conclusion that defendant agreed to repay the entire amount paid on the motorcycle, or that the plaintiff made the payments with that understanding. The motorcycle was sold for $570.00. Under the evidence plaintiff would be entitled to recover one-half the sale price, to wit, $285.00. Plaintiff was entitled to judgment in the amount of $660.00, together with six per cent interest on $375.00 from July first, 1949, and six per cent interest on $285.00 from July first, 1950, the approximate date of the sale of the motorcycle.

We find the judgment as entered to be against the manifest weight of the evidence; is not sustained by the evidence, and is contrary to law. The motion for new trial should have been sustained.

Unless plaintiff enters a remittitur for the amount in excess of the amount herein found due the plaintiff, judgment will be reversed and cause remanded for further proceedings according to law. If a remittitur is entered, then judgment will be affirmed for the amount stated.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.